PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered April 10, 1963 in this disciplinary proceeding and filed in this court April 11, 1963, with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
The report of the Board of Governors finds that respondent, George T. Delves, is a member of The Florida Bar, subject to the disciplinary provisions of Article XI, Integration Rule of The Florida Bar, as adopted by the Supreme Court of Florida on March 4, 1950 and subsequently amended, 31 F.S.A.
Pursuant to a complaint filed by The Florida Bar, respondent was charged with committing acts contrary to honesty, justice and good morals all in violation of Section 2, Article XI of the Integration Rule of The Florida Bar. The first charge was that respondent obtained a substantial loan from two laymen and gave as security a deed to certain mortgaged property. It was understood and agreed that the deed would not be recorded and that the premises would not be further encumbered, but that, contrary to his agreement, respondent did at a time when the deed was not of record further encumber the property and did not pay the indebtedness for which the laymen held the deed as security. The second charge was that the respondent, in connection with a business transaction, had occasion to borrow a substantial sum of money from two laymen. The loan transaction was closed' according to the terms proposed by respond *115 ent. The lenders were not represented by counsel. They advanced the agreed funds to respondent and took his promissory note which was prepared in his office. Ultimately, suit was filed to enforce payment of the note. In defending the suit, respondent executed and filed his affidavit charging that the note was usurious and at least partially unenforceable. However, the defense of usury was subsequently abandoned and respondent stipulated to the entry of judgment against himself. After trial, the referee found that the conduct of respondent did not meet the test of “reprehensible in a high degree”, Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699 (1930), that the material allegations of the complaint had not been sustained and recommended that the charges be dismissed. Thereupon the Board of Governors reversed the Order of Dismissal of the Referee adjudging that the facts as alleged sufficiently charged respondent with one or more violations of the Integration Rule of The Florida Bar. After hearing the referee was of the same opinion and again recommended that the charges be dismissed.
Upon consideration of the record and basing their judgment on the facts as found by the referee in reference to the second count of the bill of complaint, the Board of Governors found the respondent’s conduct violated the Integration Rule of The Florida Bar, Article XI, Section 2 (as amended 1955) and Rules 27 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida (Rule B, Section 2), 31 F.S.A. The judgment of the Board of Governors stated, “The furnishing of this defective instrument to a layman under these circumstances and the subsequent public oath to the validity of his defense to the action on the note was contrary to honesty and justice and not in keeping with the high standards of the legal profession. Such conduct on the part of a member of the Bar can only bring discredit upon the entire profession. Therefore, upon consideration, it is ordered and judged that this judgment of reprimand against the respondent, George T. Delves, be duly filed with the Court, and that said respondent shall pay the costs of these proceedings in the amount of $593.60.”
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court, oral argument has been heard, and upon consideration of the record and the evidence submitted, the court finds the respondent guilty of violations as found by the Board of Governors of The Florida Bar, but substitutes its judgment in place of the order of reprimand of the Board of Governors of The Florida Bar.
Accordingly, the respondent, George T. Delves, is hereby suspended from the practice of law for a period of twelve months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $593.60, and further, thereafter until in accord with Article XI, Rule 11.10 of the Integration Rule he shall demonstrate to the Board of Governors and to this Court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. As a condition to reinstatement, the respondent shall either make restitution, or in the alternative, exhibit written evidence that the matter has otherwise been concluded satisfactorily. Respondent shall not be entitled to apply for reinstatement for at least twelve months from the filing of this opinion. Until he is reinstated by order of this Court, respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
TERRELL, Acting C. J., and ROBERTS, THORNAL and HOBSON (Ret.), JJ., concur.
THOMAS, J., dissents.