'per CURIAM.
This matter recurs on an application for review by the petitioner, George T. Delves, for reinstatement as a member of The Florida Bar, having been suspended by this court November 20th, 1963. The history, factual background and order of suspension are set forth in the original opinion of this court appearing at State ex. rel. The Florida Bar v. Delves, 160 So.2d 114..
Significantly the judgment in State v. Delves, supra, provides
“Accordingly, the respondent, George T. Delves, is hereby suspended from the practice of law for a period of twelve months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $593.60, and further, thereafter until in accord with Article XI, Rule 11.10 of the Integration Rule he shall demonstrate to the Board of Governors and to this Court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. As a condition to reinstatement, the respondent shall either make restitution, or in the alternative, exhibit written evidence that the matter has otherwise been concluded satisfactorily. Respondent shall not be entitled to apply for reinstatement for at least twelve months from the filing of this opinion. Until he is reinstated by order of this Court, respondent shall not directly or indirectly engage in the practice of law.
“It is so ordered.”
Petitioner promptly closed his office upon being advised of the decision by this court and as an alternative vocation has worked as a realtor in Jacksonville, Florida, since that time.
Delves timely filed his petition for reinstatement on the basis that he had complied with the requirements of the original order, except that restitution in full had not been made because of a substantial diminution in annual income and his responsibility to support a former wife and five children. *169 Insofar as restitution is concerned petitioner contended that he had made a good faith effort, including the payment of all costs in the proceeding, and a substantial payment on the indebtedness. The matter was referred to Honorable W. T. Stockton, Jr., referee, who proceeded to .hear the cause. Upon completion of the trial the referee determined that petitioner had paid the cost of the original proceeding, approximately $600.00 per month in alimony and support money, and had made payment toward restitution in the amount of $2,-418.00, leaving a balance due on the original judgment of $10,865.90, and that petitioner, George T. Delves, had shown his fitness to resume the practice of law. The referee recommended that petitioner be reinstated to the privileges of the practice of law and that no condition be imposed regarding repayment to the parties harmed by petitioner’s misconduct, leaving them in the same position as other creditors.
On review, the Board of Governors of The Florida Bar entered its decision on April 1, 1967, agreeing with the referee that petitioner should be reinstated, but disagreed that reinstatement should be without condition, and determined at that level that petitioner be reinstated to the practice of law upon the condition that the balance of $10,865.90 be paid, or that written evidence of a satisfactory arrangement to repay this amount be filed with the Board.
Thereafter, on April 29, 1967 Delves made an agreement with the holders of the judgment that the balance of $10,865.90 would be paid, $600.00 upon execution of the repayment agreement, and in monthly installments of $105.00 commencing May 1, 1967 and not less than a like sum on the first of each and every month thereafter for a period of not more than 48 months, and that on or before May 1, 1971, the unpaid balance would be paid in full by Delves. The agreement, among other things not necessarily involved here, provided an acceleration clause in the event of default. Delves paid $100.00 on May 18, 1967 and produced proof at the bar of the court in open session that he had paid an additional $500.00, all of which aggregates the sum of $600.00 required as a down payment. The record does not disclose that the installments from May 1, 1967 have been paid and we therefore assume that they have not been.
Such repayment agreement was submitted to the Board of Governors and petitioner alleges that at their meeting on May 18-20, 1967, they did not accept the agreement. Shortly thereafter, on May 24, 1967, Delves filed his petition in this court to review the order of the Board of Governors of April 1, 1967, extension of time having been previously granted for filing same. The matter timely came on for hearing with oral argument in this court. We find no reason to disturb the agreement for payment signed by all of the principals involved and which appears reasonable under the circumstances.
Upon consideration of the record, recommendation of the referee, action of the Board of Governors, and oral argument, we agree with the action of the Board of Governors that petitioner should be reinstated. We disagree, however, with that portion of the action by the Board requiring that the sum of $10,865.90 be paid in cash and disapprove action of the Board in not accepting as satisfactory the repayment plan agreed to by the parties.
Accordingly, it is ordered and adjudged that petitioner be immediately reinstated to the practice of law, and that the repayment agreement made between the parties is approved, and beginning with the payment on November 1, 1967 the petitioner Delves, pay the monthly installments called for in the settlement agreement, and that he file a progress report on such payments on April, 1968, and each six months thereafter until the balance of $10,865.90 shall be paid, unless the parties involved shall elect some alternate method of settlement prior to- that time. Any payments maturing prior to *170 November 1, 1967, to be paid not later than November 1, 1968.
Jurisdiction of the cause is reserved in this court until the matter is finally concluded for the purpose of making such future orders or judgments, if any, as the exigencies of the occasion may require or permit, to the end that this court may determine if petitioner is making a sincere good faith effort to comply with the repayment plan and is otherwise satisfying the professional requirements of an attorney at law.
It is so ordered.
THOMAS, A: C. J„ and ROBERTS, DREW, THORNAL and ERVIN, JJ., concur.