PER CURIAM.
Respondent Pitts, a Florida lawyer, seeks review of a judgment of the Board of Governors of The Florida Bar finding him guilty of a violation of certain canons of ethics and recommending discipline.
It is contended that the discipline is too severe and that the alleged misconduct was not proved.
The referee found Pitts guilty on one charge of soliciting professional employment and, also, on one charge of borrowing a substantial sum of money from a client, giving him a note bearing criminally usurious interest and then pleading usury as a defense to a suit on the note. He recommended suspension for six months and thereafter until the lawyer demonstrates that he is entitled to have the suspension removed.
By its judgment the Board of Governors appeared to overlook the finding of solicitation but concurred with the referee on the other finding. It prescribed discipline of suspension for six months and thereafter until the respondent shall demonstrate his fitness to resume the practice of law and shall pay the costs of these proceedings. We do not find the recommended discipline to be too severe. It is consistent with action taken in similar cases. State ex rel. The Florida Bar v. Delves, 160 So.2d 114 (Fla.l963).
We are informed that pending the disciplinary proceeding the respondent negotiated restitution and settlement with his former client. The judgment we enter is based upon the assumption that this has been accomplished. If it has not been, then restitution, or at least arrangements for restitution satisfactory to the client, shall be a condition to any reinstatement of Mr. Pitts. In re Delves, 203 So.2d 168 (Fla. 1967). In addition, we note that the complaint against respondent was filed on March 2, 1967, for offenses allegedly committed in 1964. Respondent has not practiced law in Florida for several years.
Subject to the foregoing, the respondent O. E. Pitts is suspended from the practice of law for a period of six months from the date of the filing of the judgment of the Board of Governors — July 26, 1968— and thereafter until he shall demonstrate to the Board of Governors and to this Court that he is entitled to reinstatement under the Integration Rule and shall have paid the costs of this proceeding in the amount of $458.27.
It is so ordered.
ERVIN, C. J., ROBERTS, DREW, THORN AL and CALDWELL (Retired), JJ., concur.