PER CURIAM.
In this original proceeding, The Florida Bar charged respondent George T. Delves, a Florida Bar member, with engaging in conduct contrary to honesty, justice, and good morals; conduct involving fraud, deceit, or misrepresentation; conduct which reflects adversely on his fitness to practice law; and with mishandling client funds.
Two separate factual situations gave rise to the two-count complaint. The referee found as to the first count that respondent offered to sell certain parcels of real estate he allegedly owned to various married couples. He also offered to assist two of the couples in selling certain property they owned. In the course of these transactions, respondent retained from the purchase price of the property he sold for the two couples commissions and repair expenses not listed in the closing statements and of which no agreement had been made; failed to inform two of the purchasers that the property was subject to two outstanding mortgages for $24,700 and $2,300; and failed to inform all of the parties that the real estate was in fact not titled in his name because of outstanding judgments against him.
As to the second count, the referee found that respondent borrowed $4,300 and later $2,500 from Annie and Vollie (now deceased) Andrews. With respect to the first transaction, respondent borrowed the money to pay off a mortgage then being foreclosed and gave the Andrews an unrecorded “Satisfaction of Mortgage,” which he represented was security for the loan. Respondent never informed the Andrews that the satisfaction was in reality a worthless piece of paper. With respect to the second loan, respondent represented he would repay the money within sixty days. He did not do so. With both loans remaining outstanding, the Andrews tried but failed to locate respondent.
The referee recommended that respondent be found guilty of violating Integration Rule, article XI, rule 11.02(3), and of Code of Professional Responsibility Disciplinary Rules 1-102(A)(4) and (6), but not *920 9-102(A)(2) or 9-102(B)(4). The referee further recommended that respondent be suspended from the practice of law for a one-year period and thereafter until he makes complete restitution to Annie Andrews for the $4,300 loan, and until he demonstrates fitness to practice by petition under Integration Rule, article XI, rule 11.-11.
Respondent has been previously found guilty of similar misconduct and was previously suspended. State ex rel. The Florida Bar v. Delves, 160 So.2d 114 (Fla.1963). Further, respondent was not cooperative in this proceeding, the record reflecting that he left “unclaimed” seven communications sent to him by certified mail at the grievance committee level as well as a copy of the complaint, even though the postal service sent him two, notices for each communication except one.
We approve the referee’s findings and recommendations of guilt but, under these circumstances, reject the recommended discipline. We find that in light of respondent’s present actions and past record, disbarment is a more appropriate sanction. Accordingly, respondent is disbarred effective immediately and directed to pay the cost of these proceedings in the amount of $2,415.18.
It is so ordered.
SUNDBERG, C. J., and OVERTON, ENGLAND and ALDERMAN, JJ., concur.
McDONALD, J., dissents.