413 So.2d 1184 (1982)
THE FLORIDA BAR, Complainant,
v.
Barry R. SHAPIRO, Respondent.
No. 60248.
Supreme Court of Florida.
April 29, 1982.
*1185 John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, Jacquelyn Plasner Needelman, Bar Counsel, and Frank C. Walker, II, Chairman, Seventeenth Judicial Circuit Grievance Committee 17 "C", Fort Lauderdale, for The Florida Bar, complainant.
Barry R. Shapiro, in pro. per.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, and petition for review by The Florida Bar.
The complaint against Shapiro was in six counts. At the hearing before the referee, Shapiro submitted a written guilty plea as to Counts I, III, IV, V, and VI. Count I charged that Shapiro communicated an offer of settlement directly to an adverse party knowing that this party was represented by counsel. Count II charged that Shapiro was under the care of a psychiatrist, that he has reached the point where, during periods of stress, he becomes unable to control his impulses, and that his mental instability makes him incapable of practicing law. Count III charged that he placed trust funds belonging to clients in his general account. Count IV charged that he engaged in law practice under the trade name "Peoples Legal Clinic, Inc." Count V charged that he paid a salary to an employee of Peoples Legal Clinic, Inc., the amount of which was contingent on how much money Peoples Legal Clinic, Inc. received in fees. Count VI charged that he elected a nonlawyer as secretary of Peoples Legal Clinic, Inc.
The referee recommends that Shapiro be found guilty of each count, and specifically that he be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1) and (6),[1] 2-102(B),[2] 3-102,[3] 3-103(A),[4] 5-107(C),[5] 7-104(A)(1),[6] *1186 and 9-102(B)(1), (2), and (3)[7] and guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(3)(a)[8] and (4). Subsection (4) sets out trust accounting procedures to be followed by attorneys. Although the referee recommends that Shapiro be found guilty of Count II, he explained relative to this count that, as evidenced by a recent psychiatrist's report, Shapiro's mental state has substantially improved since the events which gave rise to these proceedings.
Having considered the mitigating factors that, at the time of Shapiro's misconduct, he was separated from his wife and children by an unwanted divorce, that his father and brother had passed away, that he was seeing a psychiatrist for the emotional stress caused by these experiences, and that he is now significantly improved, the referee recommends that Shapiro be publicly reprimanded, and that he be placed on supervised probation for three years. One of the conditions of probation recommended is that Shapiro file with the clerk of the Supreme Court, with a copy to The Florida Bar, quarterly reports stating the names of clients and the nature of the work completed, containing a statement that all legal services have been diligently performed, and containing a statement by Charles Lipcon, a member of The Florida Bar in whose law office Shapiro is employed, that he has maintained adequate supervision of Shapiro, has reviewed his performance, and has found it satisfactory. The other recommended conditions are that he pass the ethics portion of The Florida Bar Examination and that he submit to a psychiatric examination every six months and receive whatever psychiatric care and treatment are recommended.
The Florida Bar filed a petition for review objecting to the proposed disciplinary measures as inadequate. In view of the seriousness and cumulative nature of the misconduct involved, the Bar requests that Shapiro be suspended from the practice of law for three months and one day and thereafter until he demonstrates rehabilitation, that he be required to pass the ethics portion of The Florida Bar Examination as a condition precedent to reinstatement to the practice of law, and that upon reinstatement he be placed on supervised probation for a three-year period with the condition that he submit to psychiatric evaluation every six months.
After Shapiro had filed his answer brief arguing that the referee's recommendations were appropriate under the peculiar circumstances of this case and after the Bar had filed its reply brief again emphasizing the cumulative nature of Shapiro's misconduct, the Bar filed a motion to relinquish jurisdiction back to the referee. Filed with this motion was the affidavit of Charles Lipcon, alleging that Shapiro is no longer working *1187 with him and that he is now unable to supervise Shapiro due to the severity of Shapiro's personal problems. The Bar stated that it believed the referee's disciplinary recommendation was based in part on Mr. Lipcon's testimony that he was willing to supervise Shapiro. On January 11, 1982, we entered an order permitting Shapiro two weeks in which to respond. Shapiro did not respond to this motion, however. We deny this motion to relinquish jurisdiction since we agree with The Florida Bar that more than a public reprimand and probation are warranted, even considering the mitigating factors found by the referee.
Accordingly, because of the nature of Shapiro's misconduct, we hereby suspend him from The Florida Bar for three months and one day and thereafter until he shall prove rehabilitation. Prior to reinstatement, he must pass the ethics portion of The Florida Bar Examination. In the event Shapiro petitions for reinstatement, we will consider at that time whether he should be placed on supervised probation as a condition of reinstatement. Shapiro will have twenty days from the date of this order to take steps necessary to protect his clients. Execution shall issue against respondent for the cost of these proceedings in the amount of $1,388.87.
It is so ordered.
SUNDBERG, C.J., and ALDERMAN, McDONALD and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ADKINS, J., dissenting:
I would impose a public reprimand.
OVERTON, J., dissenting:
I would remand to the referee for a revised recommendation in view of changed circumstances.
BOYD, Justice, concurring in part and dissenting in part.
I would adopt the referee's report and the discipline recommended therein.
NOTES
[1] DR 1-102 provides:

(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
....
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
[2] DR 2-102(B) provides:

(B) A lawyer shall not practice under a trade name or a name that is misleading as to the identity, responsibility or status of those practicing thereunder, or is otherwise false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B), or is contrary to law... .
[3] DR 3-102 provides:

(A) A lawyer or law firm shall not share legal fees with a non-lawyer, except that:
(1) An agreement by a lawyer with his firm, partner, or associate may provide for the payment of money, over a reasonable period of time after his death, to his estate or to one or more specified persons.
(2) A lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer.
(3) A lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.
... .
[4] DR 3-103(A) provides:

(A) A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law.
[5] DR 5-107(C) provides:

(C) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
... .
(2) A non-lawyer is a corporate director or officer thereof; or
... .
[6] DR 7-104(A)(1) provides:

(A) During the course of his representation of a client a lawyer shall not:
(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.
[7] DR 9-102(B) provides:

(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
[8] Article XI, Rule 11.02(3)(a) provides:

(a) Standards. The standards of professional conduct to be observed by members of the Bar are not limited to the observance of rules and avoidance of prohibitive acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act contrary to honesty, justice, or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.