PER CURIAM.
We review the reports of the referee concerning respondent Barry R. Shapiro’s petition for reinstatement (No. 63,411) and a multi-count complaint filed against him by The Florida Bar (No. 63,761). Respondent is currently under suspension, The Florida Bar v. Shapiro, 413 So.2d 1184 (Fla.1982), and has petitioned for review of the referee’s reports.
The Florida Bar’s complaint alleges thirteen counts of misconduct and the referee finds respondent guilty of twelve of the thirteen counts, specifically finding that respondent violated The Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) and (b) (conduct contrary to honesty, justice, or good morals, and misconduct constituting a felony or misdemeanor); and Rule 11.02(4) and the bylaws relating thereto (misuse of trust accounts). The referee also finds that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility: D.R. 1-102(A)(3) (illegal conduct involving moral turpitude), (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), (5) (conduct prejudicial to the administration of justice), and (6) (conduct adversely reflecting on his fitness to practice law); D.R. 2-110 (improper withdrawal from employment); D.R. 5-101(A) (accepting employment affecting his own financial and business interests); D.R. 5-104(A) (improper business relations with a client); D.R. 6-101(A)(l) (accepting employment for a legal matter which he was not competent to handle), (2) (handling a legal matter without adequate preparation), and (3) (neglecting a legal matter entrusted to him); D.R. 7-101(A)(2) (failing to carry out a contract for legal services), and (3) (damaging a client during the course of a professional relationship); D.R. 7-105(A) (threatening criminal prosecution solely to obtain advantage in a civil matter); and D.R. 9-102 (improper trust fund maintenance). In light of his recommendation of disbarment, the referee suggests that respondent’s petition for reinstatement is moot.
In view of the cumulative nature of respondent’s conduct, we approve the referee’s findings of fact and recommendation of discipline. Barry R. Shapiro is disbarred from the practice of law, effective immediately. His petition for reinstatement is dismissed as moot. Costs are assessed against respondent in the amount of $5,093.54. In accordance with the referee’s recommendation, respondent is also directed to make restitution as follows:
Susan Feliciano $ 25.00
Arthur Cole $500.00
Clarence Johnson $100.00
Gloria Mountain $ 50.00
Client’s Security Fund of The Florida Bar $200.00
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.