PER CURIAM.
This disciplinary proceeding by The Florida Bar against Charles E. Bartlett, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of a referee. Pursuant to article XI, rule 11.06(9)(b) of the Integration Rule, the referee’s report and record were duly filed with this Court. No petition for review pursuant to article XI, rule 11.09(1) of the Integration Rule has been filed.
*1088 Having considered the pleadings and evidence, the referee found as follows:
1. The Respondent maintained an account at the Barnett Bank of Orange Park, hereinafter referred to as “Attorney Account.”
2. He maintained an account in Southeast Bank of Orange Park hereinafter referred to as “Client Account.”
3. Both accounts were trust accounts.
4. The Respondent deposited on August 21, 1981, in the “Attorney Account” monies belonging to one, Carver Cook. Also, in this account Respondent deposited personal funds. Monies were paid out of said account on behalf of Mr. Cook, but a ledger card was not maintained reflecting monies entrusted by Mr. Cook, nor disbursed on his behalf. There was a mixing of personal and client’s funds.
5. On December 11, 1981, a client of Respondent, Richard McPherson, deposited with him $375.00 to defray the cost [of] surveying services of Joseph G. Knapp performed on behalf of McPherson.
6. On March 30, 1982, Respondent drew on his client account a check payable to Mr. Knapp in partial payment of the bill for said services.
7. On last said date Respondent’s client account had a balance of $102.11. Hence, the check to surveyor Knapp was not paid until April 12, 1982, and then, against funds not related to McPherson.
8. Respondent failed to prepare or keep a ledger card reflecting receipt or payment of this client’s money. In this account personal and client’s monies were co-mingled.
9. On November 4, 1981 Respondent’s client account and attorney account contained $1,550.70 less than his trust obligation to a client.
10. On February 16, 1982 the Respondent issued two checks drawn on the client account for a total sum of $97.00 resulting in an overdraft of $199.09. Previously, the client account had a minus balance from November 20, 1981 to January 22, 1982.
11.From June 1981 to August of 1982 Respondent did not prepare and keep ledger cards or equivalent records reflecting deposits and disbursement of money entrusted to him by clients, and for June 1981, did not keep cancelled checks from his attorney account. Further, he failed to adequately identify in both accounts deposits and disbursements, and did not maintain quarterly reconciliations of either.
The referee recommends that Bartlett be found guilty of violating rule 11.02(4) of the Integration Rule and disciplinary rule 9-102(A) and (B) of the Code of Professional Responsibility. He further recommends that Bartlett be suspended from the practice of law for a period of thirty days and that he be required to attend a complete seminar on trust accounting with a certificate of compliance therewith being filed with the clerk of the Supreme Court of Florida. Finally, the referee recommends that failure without good cause to attend such seminar within twelve months should re-open the judgment.
Having carefully reviewed the record, we approve the findings and recommendations of the referee. Accordingly, Charles E. Bartlett is hereby suspended from the practice of law for a period of thirty days effective February 25, 1985, thereby giving him thirty days to close out his practice and take the necessary steps to protect his clients. Bartlett is to accept no new clients from the date of this opinion. He is further directed to attend a complete seminar on trust accounting with a certificate of compliance therewith to be filed with the clerk of this Court.
Judgment for costs in the amount of $1,751.88 is hereby entered against Charles E. Bartlett, for which let execution issue.
It is so ordered.
ADKINS, A.C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.