507 So.2d 1078 (1987)
THE FLORIDA BAR, Complainant,
v.
J.B. HOOPER, Respondent.
No. 67875.
Supreme Court of Florida.
April 23, 1987.
Rehearing Denied June 29, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Branch Staff Counsel and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
J.B. Hooper, Tampa, in pro. per.
PER CURIAM.
This disciplinary proceeding against J.B. Hooper is before us on the two-count complaint of The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
As to Count I, the referee found that in August 1983 Hooper contracted with Suncoast Service Center, Inc. (Suncoast) for the installation of air-conditioning/heating equipment at a cost of $3,021. There is conflicting evidence as to whether or not the installation was done properly. Hooper took the position that the work was unsatisfactory and evaded or refused Suncoast's requests for payment even though, as he concedes, only a few hundred dollars worth of problems were at issue. Suncoast retained *1079 counsel who contacted Hooper by letter again demanding payment. After receiving counsel's letter, Hooper telephoned Suncoast directly and spoke to agent Jim Alexander regarding the matter. Mrs. Rodriquez, the complaining witness, testified as follows regarding respondent's conversation with Alexander:
Q. What did Mr. Alexander tell you regarding that conversation?
A. Mr. Alexander stated, as he did in his deposition, and there is such a deposition, that Mr. Hooper had said to him that he was not going to pay that money, and that if he did have an attorney file a lawsuit against him or place a lien on the property, he would get the lien removed and that he would hold this suit in litigation for years to come. So, therefore, to please tell the attorney, whoever he was, to give it his best shot.
Based on these facts, the referee recommended that Hooper be found guilty of violating the Florida Bar Code of Professional Responsibility, Disciplinary Rule 7-104(A)(1) for communicating on the subject of representation with a party he knows to be represented by a lawyer without prior consent or authorization by law; as well as Disciplinary Rule 1-102(A)(6) for conduct reflecting adversely on his fitness to practice law.
As to Count II, Hooper admits that he failed to appear at a deposition scheduled in the civil litigation between Suncoast and himself. He asserts, however, that he was never subpoenaed, that he was given only one day's notice, and that he filed a motion for protective order on the scheduled date of the deposition. The referee found that Hooper received notice of the taking of the deposition well in advance of the deposition date and attempted to avoid his own deposition.
Hooper admits that he applied for and received a $426.50 rebate from Tampa Electric for equipment installed by Suncoast. The referee found that in applying for the rebate Hooper misrepresented himself as both the dealer and the salesman of the equipment when it is undisputed that the dealer and the salesman was Suncoast. Further, the referee found that Hooper gloatingly mailed Suncoast's attorney a thank you card along with a copy of the rebate check after the circuit court granted his motion for summary judgment. Hooper also wrote a letter to Suncoast's attorney threatening to file additional lawsuits against Suncoast unless they dismissed a suit filed in county court and withdrew their pending complaint with The Florida Bar. He continued his threats in the addendum to his motion to dismiss the disciplinary matters:
Should Suncoast be allowed to pursue its complaint, respondent is left with no alternative but to bring an action for breach of contract against Suncoast or be placed by the Bar in an uncognizable position of having bargained away significant legal rights in good faith without a remedy to reinstate these rights.
Based on these facts, the referee recommended that Hooper be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) for conduct contrary to honesty, justice, or good morals; Disciplinary Rule 1-102(A)(4) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and Disciplinary Rule 1-102(A)(6) for conduct reflecting adversely on his fitness to practice law.
The record provides ample support for the referee's findings. Such findings will be upheld unless clearly erroneous or without evidentiary support. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986). Accordingly, we approve these findings of fact and the referee's recommendations of guilt. The referee recommended that Hooper be placed on probation for one year, under supervision by The Florida Bar, or alternatively, suspended from The Florida Bar for ninety days. Hooper has no record of prior disciplinary violations. His violations stem from an overzealous attempt to represent himself in a business transaction and subsequent litigation. However, as we have previously noted, even in personal transactions, attorneys must "avoid tarnishing the professional image or damaging the public which may rely upon their professional standing." The *1080 Florida Bar v. Bennett, 276 So.2d 481, 482 (Fla. 1973).
Accordingly, J.B. Hooper is hereby suspended for ninety days from the practice of law in Florida, subject to automatic reinstatement. The suspension shall be effective thirty days from the date of this opinion, giving Hooper sufficient time to take steps necessary to protect his clients. He shall accept no new clients from the date of this opinion. Judgment for costs in the amount of $1,721.69 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON and EHRLICH, JJ., dissent.