PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the report of the referee filed pursuant to Rule 3-7.6 of the Rules Regulating The Florida Bar. The referee found attorney Charles E. Bartlett guilty of professional misconduct and recommended disbarment. Neither party sought review of the referee’s report. We directed the parties to submit briefs on the suitability of the recommended disciplinary measure. Only The Florida Bar has complied with our order by filing a brief. After careful consideration of the issue, and without the benefit of any legal argument or statement on the part of respondent, we approve the referee’s findings and adopt the recommended discipline.
Respondent did not answer the Bar’s complaint or its request for admissions and did not appear for the hearing. Based on the Bar’s motion to deem matters admitted, the referee made findings of fact.
The referee found that a property owner had sought respondent’s assistance regarding an encroachment on an easement. Respondent agreed to represent the client and represented to him that the problem could be resolved quickly. Respondent received a total of $332.00 in fees and agreed to communicate with the adverse party regarding removal of the encroaching structure. Respondent indicated to the client that the matter would be resolved in this way without court action. Thereafter, respondent took no action on the matter. Respondent retained the money paid to him as a fee.
The referee found that respondent had violated the following provisions of the former Florida Bar Code of Professional Responsibility: Disciplinary Rule 1-102(A)(1) (violation of a disciplinary rule); DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (conduct prejudicial to the administration of justice); DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); DR 6-101(A)(3) (neglect of a legal matter); DR 7-101(A)(l) (failure to seek the lawful objectives of the client); DR 7-101(A)(2) (intentional failure to carry out a contract of employment). In the absence of any explanatory or mitigating circumstances, this total neglect must be considered serious professional misconduct.
Respondent has been suspended from the practice of law two times in the past two and a half years. In The Florida Bar v. Bartlett, 462 So.2d 1087 (Fla.1985), he was *289 suspended for thirty days for neglecting to keep proper trust account records and failing to follow required trust accounting procedures. In The Florida Bar v. Bartlett, 489 So.2d 21 (Fla.1986), respondent was suspended for fifteen months for misconduct involving neglect and misrepresentation. As was noted above, respondent in the present case did not answer the complaint, appear before the referee, or respond to this Court’s call for briefs.
Repeated instances of similar misconduct should be treated cumulatively so that a lawyer’s disciplinary history can be considered as grounds for more serious punishment than his present misconduct, considered in isolation, might seem to warrant. The Florida Bar v. Bern, 425 So.2d 526 (Fla.1982); The Florida Bar v. Delves, 397 So.2d 919 (Fla.1981). Moreover, a lawyer’s willful refusal to participate at all in the disciplinary process when he is accused of misconduct calls into serious question the lawyer’s fitness for the practice of law. See, e.g., The Florida Bar v. Montgomery, 412 So.2d 346 (Fla.1982).
For the foregoing reasons, we adopt the recommended disciplinary action and disbar Charles Edward Bartlett, effective immediately.
The costs of this proceeding are taxed against the respondent. Judgment is entered against respondent for $632.00, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.