PER CURIAM.
This disciplinary proceeding is before us on complaint of the Florida Bar and the referee’s report. The referee recommends finding Knowles guilty of conduct involving neglect, failure to communicate with clients, refusal to return files, and misappropriation, inter alia, and recommends a three-year suspension. Knowles has filed a petition for review, contesting the referee’s findings of fact and the recommended discipline. The bar, on the other hand, seeks Knowles’ disbarnient. We have jurisdiction under article V, section 15 of the Florida Constitution. We accept all but one of the referee’s findings, and suspend Knowles for three years.
Because the findings are too lengthy to reproduce fully here, we will summarize them briefly. On two separate occasions Knowles failed to pay for charges on account; final judgments by default were entered against him. On two other occasions Knowles issued bad checks — one to his secretary and one to a client. Regarding the check to his secretary, Knowles claims that his secretary was merely embarrassed by the incident and that he did her a favor by hiring her. On various occasions Knowles neglected legal matters before him, failed to return client phone calls, and failed to properly advise his client of the status of a case.
We accept all of the findings except for count IV of case no. 70,114. In that count the referee found that Knowles failed to advise his client of a final hearing in a custody case, and as a result of this hearing “the opposing party received custody of the child, he had to pay her lawyer’s fees, he had his salary garnished, his child support was increased and his visitation rights were restricted.” We found insufficient evidence in the record to support this finding.
The other findings are proved. We should first discuss the impact of the default judgments. The referee found Knowles guilty of violating Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct adversely reflecting upon one’s fitness to practice law) of the former Code of Professional Responsibility. Failure to pay for charges on account and having a default judgment entered against one without more does not necessarily relate to fitness to practice law. In this case, these are not significant violations and do not (in and of themselves) warrant the drastic punishment requested by the bar.
The other violations are more serious, especially count I of case no. 70,907. Knowles agreed to redeem certain bonds for a client in exchange for a fee. He received payment and then issued a check to the client for the bond proceeds less his fee, but the check was dishonored. Although Knowles later made good on the check after the client complained to the bar, Knowles’ actions were tantamount to misappropriation. The misuse or misappropriation of client funds is one of the most serious offenses a lawyer can commit. The Florida Bar v. Newman, 513 So.2d 656 (Fla.1987); The Florida Bar v. Breed, 378 So.2d 783 (Fla.1979). Moreover, the cumulative nature of Knowles’ other conduct of not attending to his work and his unavailability to clients warrants a severe penalty. *1159 See The Florida Bar v. Shapiro, 450 So.2d 842 (Fla.1984).
We hereby suspend Knowles for a period of three years and thereafter until he shall prove his rehabilitation, pay the cost of this proceeding, and make restitution to his clients. In order to protect his clients and close out his practice in an orderly fashion Knowles’ suspension will be effective thirty days from the date this opinion is filed. Knowles will accept no new business after this opinion’s filing date. Judgment is entered against Knowles for costs in the amount of $4,246.00, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.