572 So.2d 1373 (1991)
THE FLORIDA BAR, Complainant,
v.
Michael J. KNOWLES, Respondent.
Nos. 71696, 72553, 72024 and 72112.
Supreme Court of Florida.
January 3, 1991.
*1374 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Kevin Tynan, Bar Counsel and Randi Klayman Lazarus, Asst. Staff Counsel, Miami, for complainant.
Michael J. Knowles, Miami, in pro per.
David J. Finger, Co-Counsel, Miami, for respondent.
PER CURIAM.
These four consolidated Florida Bar disciplinary proceedings are before the Court on complaints of The Florida Bar and the report of the referee, which respondent contests. We have jurisdiction. Art. V, § 15, Fla. Const.
In the first case charging neglect, respondent failed to diligently prosecute a claim on behalf of Wendy West. He failed to respond to West's repeated inquiries about the status of her case. As a result, West retained new counsel, and respondent failed to respond to repeated inquiries from West's new attorney. The referee has recommended respondent be found guilty of violating Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility (neglecting a legal matter).
The second case charging neglect also involved failure to diligently prosecute a client's claim. In June 1984, Jean Julbert Seme retained respondent to represent him on a civil rights claim. After numerous unsuccessful attempts to communicate with respondent, Seme contacted the Dade County Bar Association, who referred him to attorney Clifford Hark. Hark advised Seme that the federal district court had dismissed his claim two years earlier and that a copy of the Order had been mailed to respondent at the time of issuance. Seme contacted The Florida Bar after learning his claim was barred by the statute of limitations. The referee again has recommended respondent be found guilty of violating Disciplinary Rule 6-101(A)(3).
The third case against respondent involves trust account violations. In January 1987, the Florida Bar's internal auditor found seven separate accounting violations in respondent's trust account. At the audit, respondent was subpoenaed to produce all trust account records. The auditor testified that respondent only produced a few cancelled checks and some bank statements, claiming that these were the only records he had. Later, respondent was asked to produce his receipts and disbursement journals, but he never responded to the request. Additionally, the audit revealed that four checks issued by respondent had been returned due to insufficient funds. The referee has recommended respondent be found guilty of violating Article XI, Rule 11.02(4), Integration Rule of the Florida Bar (regulating trust account procedures); Rule Regulating The Florida Bar 5-1.1 (regulating trust accounts); Disciplinary Rule 9-102(B)(4) of the Code of Professional Responsibility (requiring prompt return of funds, securities, or other properties to which the client is entitled); and Rule Regulating The Florida Bar 4-1.5(B) (regulating fees for legal services).
In June 1987, Braman Cadillac of Miami performed work on respondent's car. Respondent issued a check to Braman, which was dishonored due to insufficient funds. Repeated efforts to collect were unsuccessful. At no time did respondent communicate any dissatisfaction with Braman's services and as of the date of the complaint, respondent still had not covered the check. The referee has recommended respondent be found guilty of violating Rule 4-8.4(c) of the Rules Regulating The Florida Bar (forbidding conduct involving dishonesty, fraud, deceit, or misrepresentation.)
After the hearing on September 28, 1989, the referee recommended disbarment. The referee further recommended that the disbarment be retroactive to the date of respondent's *1375 suspension for prior disciplinary matters.[1]
The Bar did not challenge the referee's findings and asserts that the referee's conclusions are amply supported by the evidence. Respondent, however, filed a petition for review, contesting the referee's findings of fact and the recommended discipline. Respondent asserts that the evidence does not support the referee's conclusions and that disbarment is too severe a discipline for his alleged conduct. He also asserts that since the conduct for which he is now being disciplined allegedly occurred in the same time frame as the prior offenses, they should have been presented at the previous hearing.
We note that the referee's recommendation of disbarment comes with some reservation. The referee found respondent to be a very bright and energetic practitioner who has undertaken to represent many minority clients with minimum financial means who might otherwise not be able to obtain or afford counsel. While we commend respondent for fulfilling a much needed public service, these clients are entitled to the same quality representation owed to any client. Unfortunately, the seriousness and the repetitive nature of respondent's misconduct outweigh the good intentions he demonstrated in undertaking such representation.
Additionally, we agree with the referee that disbarment is the appropriate sanction under the circumstances of this case. Respondent was found guilty of misappropriating funds. Unquestionably, the misuse of client funds is one of the most serious offenses a lawyer can commit. Misuse of a client's funds in itself warrants disbarment. The Fla. Bar v. Rodriguez, 489 So.2d 726 (Fla. 1986); The Fla. Bar v. Wolbert, 446 So.2d 1071 (Fla. 1984).
Finally, the two matters involving serious neglect and inattentiveness also warrant disbarment, especially since respondent has been disciplined previously for similar behavior. The Fla. Bar v. Bartlett, 509 So.2d 287 (Fla. 1987). Respondent has a serious history of neglecting his clients and their cases. He also has a history of charging for personal services he receives and not paying for them. And most seriously, he mishandles his trust accounts, conduct for which respondent has been disciplined on two separate occasions. As we have stated, repeated instances of similar misconduct should be treated cumulatively so that a lawyer's disciplinary history can be considered as grounds for more serious punishment. The Fla. Bar v. Bern, 425 So.2d 526 (Fla. 1982); The Fla. Bar v. Delves, 397 So.2d 919 (Fla. 1981). This Court has held that cumulative misconduct is grounds for disbarment. The Fla. Bar v. Newman, 513 So.2d 656 (Fla. 1987).
Thus, in view of the cumulative nature of respondent's conduct, we accept the referee's findings and recommended discipline. We believe the findings are amply supported by the evidence.[2] However, since the misconduct did occur in the same time frame as the previously disciplined conduct, the disbarment will be retroactive to December 8, 1988, the date of respondent's second suspension.
The costs of this proceeding are taxed against respondent. Judgment is entered *1376 against Michael J. Knowles for costs in the amount of $5,345.18, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Knowles has been suspended twice before for disciplinary matters. In Florida Supreme Court Case No. 68,904, Knowles was suspended on September 26, 1986 and reinstated on February 12, 1987. Knowles was suspended for a second time for a period of three years beginning on December 8, 1988. The Fla. Bar v. Knowles, 534 So.2d 1157 (Fla. 1988). The conduct for which respondent received his three-year suspension is very similar to the conduct for which he is presently being disciplined. In the second case, Knowles did not pay for personal charges in two separate matters. Additionally, two checks written by Knowles were dishonored due to insufficient funds.
[2] Two of the four complaints were deemed admitted due to default judgments against respondent. In both complaints, respondent did not respond to requests for admissions, nor did he file answers to the complaints. Furthermore, while respondent filed a petition for review of the referee's findings with this Court, we note that he failed to appear for oral argument.