661 So.2d 1202 (1995)
THE FLORIDA BAR, Complainant,
v.
David Smith NUNES, Respondent.
No. 84097.
Supreme Court of Florida.
October 26, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Ronna Friedman Young, Bar Counsel, Ft. Lauderdale, for complainant.
David S. Nunes, Ft. Lauderdale, respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by David Smith Nunes. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings of fact in her report:
2. Respondent represented Amanda Illes, a minor, with respect to her claim to ownership of certain foreclosed property.
3. Attorney Maurice M. Garcia represented First Nationwide Bank in its foreclosure action against Amanda's father, Andrew A. Illes, and in related proceedings.
4. The mortgagor of the property in question was Karl Illes (deceased), the father of Andrew A. Illes and grandfather of Amanda Illes.
5. Final judgment of foreclosure was granted in favor of First Nationwide Bank against Andrew A. Illes on or about October 14, 1992.
6. A certificate of title was issued on or about March 4, 1993, in favor of First Nationwide Bank.
7. Subsequent to the foreclosure, Amanda Illes made a claim to ownership of *1203 the property based on the will of Karl Illes.
8. By letter dated June 16, 1993, attorney Garcia wrote respondent and advised him that Little & Company (a company specializing in "removal") changed the locks on the foreclosed property.
9. Little & Company had assisted the Broward County Sheriff on or about June 11, 1993, in executing a writ of possession in favor of First Nationwide Bank.
10. Attorney Garcia advised respondent that Andrew and Amanda Illes could contact Ray Nerdin of Little & Company to make arrangements to remove their personal property from the foreclosed real estate.
The referee then made findings concerning the charges filed by the Bar:
11. In response to Attorney Garcia's letter of June 16, 1993, respondent wrote a letter dated June 25, 1993.
12. In his June 25, 1993, letter to Attorney Garcia, respondent copied Ray Nerdin of Little & Company and also Gina Sherman, Attorney Garcia's client representative of First Nationwide Bank.
13. Respondent seriously criticized Attorney Garcia's handling of the foreclosure matter.
14. Respondent's June 25, 1993, letter concludes with this statement:
"Based on the foregoing, I believe you have seriously breached ethical standards of Florida attorneys with respect to your duties to your client, as well as to the courts."
15. Respondent has given several different versions as to why he communicated with Gina Sherman, Attorney Garcia's client, without Attorney Garcia's consent.
....
23. The evidence is clear and convincing that respondent knowingly communicated with Attorney Garcia's client without Attorney Garcia's consent.
Based on these facts, the referee recommended that Nunes be found guilty of disciplinary violations[1]:
Rule 4-4.2 of the Rules of Professional Conduct (In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.), and Rule 4-8.4(d) (A lawyer shall not engage in conduct that is prejudicial to the administration of justice.).
The referee recommended that Nunes be disciplined, finding that three aggravating circumstances and no mitigating circumstances were established:
I recommend that the respondent be suspended from the practice of law for ten (10) days, with automatic reinstatement at the end of this period of suspension as provided for in Rule 3-5.1(e), Rules of Discipline.
I further recommend that upon his readmission, he receive a public reprimand and be placed on probation for a period of 18 months during which time he should be required to pass the ethics portion of the Florida Bar Exam and during which time he should be supervised to ensure that he understands and abides by the Rules of Professional Conduct.
In making this recommendation, I have considered the Florida Sanctions for Imposing Lawyer Discipline as well as applicable case law.
In addition, I find the following aggravating factors to be present:

*1204 9.22(f) Submission of false evidence, false statements or other deceptive practices during the disciplinary proceeding (as evidenced by the respondent's differing and inconsistent explanations for communicating with Mr. Garcia's client without consent).
9.22(g) Refusal to acknowledge wrongful nature of conduct (as evidenced by the respondent's personal attacks on Mr. Garcia and various other persons during the course of the proceeding).
9.22(i) Substantial experience in the practice of law. (The respondent was admitted to The Florida Bar on October 23, 1980.).
I have found no factors in mitigation.
In conclusion, the referee noted that Nunes had been privately reprimanded in 1986.
Nunes concedes that although he did send a copy of the letter to Gina Sherman, he should not be subject to discipline because: The content of the letter did not concern the subject of the suit; there was no evidence introduced showing that Nunes knew that Sherman worked for First Nationwide; and there was no evidence adduced showing that Sherman was employed by First Nationwide. Nunes further contends that the referee should not have taxed the Bar's entire costs against him and that the recommended discipline is out of line with other cases. We disagree.
Nunes's letter of June 25, 1993, by its plain language directly addresses Garcia's role in the First Nationwide foreclosure suit, and Nunes's letters and the testimony of Garcia show that Nunes knew Sherman worked for First Nationwide and was Garcia's contact on legal matters. The taxing of costs is within the referee's discretion and we find no abuse. See R.Regulating Fla.Bar 3-7.6(o)(2). The recommended discipline is in line with other cases. See, e.g., Florida Bar v. Hooper, 507 So.2d 1078 (Fla. 1987); Florida Bar v. Shapiro, 413 So.2d 1184 (Fla. 1982).
Competent substantial evidence supports the referee's findings of fact and conclusions as to guilt and we approve the report in its entirety. David Smith Nunes is hereby publicly reprimanded and suspended from the practice of law in Florida for ten days. Upon reinstatement he shall be placed on probation for eighteen months during which time he shall be supervised by a member of the Bar and must take and pass the ethics portion of the Florida bar examination. The suspension will be effective thirty days from the filing of this opinion so that Nunes can close out his practice and protect the interests of existing clients. If Nunes notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately.
Nunes shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $2,927.16 is entered in favor of The Florida Bar against Nunes, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The referee made additional findings as to Count 2 of the Bar's complaint:

The Florida Bar alleged that respondent engaged in a pattern of conduct which involved certifying that pleadings were mailed on a particular date and mailing them on a different date, usually a few days later. The referee finds that although there was some evidence presented which would appear to make respondent's certification and mailing procedures suspect, the evidence did not rise to the clear and convincing standard required for these proceedings.
But the referee recommended that Nunes be found not guilty of violating any rules as to this count:
Not guilty because the evidence did not rise to the standard of clear and convincing.