# Supreme Court of Florida

_____

No. SC11-1817
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**KATHLEEN M. P. DAVIS,**
Respondent.

[June 12, 2014]

PER CURIAM.

We have for review a referee's report recommending that Respondent

Kathleen M. P. Davis be found guilty of professional misconduct in violation of

the Rules Regulating the Florida Bar (Bar rules), and disbarred. Davis has filed a

petition for review of the referee's report and recommendations. We have

jurisdiction. See art. V, § 15, Fla. Const. As discussed below, we approve the

referee's findings of fact, recommendations as to guilt, and the recommended

sanction, and disbar Davis from the practice of law in Florida.

**FACTS**

In September 2011, The Florida Bar (Bar) filed its complaint against Davis, and a referee was appointed to consider the matter. Davis did not file an answer to the Bar's allegations in the complaint. Accordingly, on November 7, 2011, the referee entered an "Order Granting the Florida Bar's Motion for a Default Judgment." The referee then set the case for a final hearing on January 17, 2012; Davis did not appear for the hearing. The referee has now submitted his report for the Court's review, in which he makes the following findings and recommendations.

In January 2007, Davis was retained by a woman (the "client") who was serving as the guardian for her sister. The client's sister suffered from Early Onset Alzheimer's Disease, and her husband of twenty-one years had abandoned her. Thus, the client hired Davis to file divorce proceedings. In January 2007, the client paid Davis $1,500 as partial payment of a $5,000 retainer; she paid an additional $1,000 in February 2007. Subsequently, in July 2007, the guardianship court granted approval to proceed with the marital dissolution case. On August 10, 2007, Davis met with the client and her sister at the sister's nursing home to discuss the matter. At that time, the client paid Davis the remaining $2,500.

Following their August 10 meeting, the client and her husband sent Davis various e-mails inquiring about the progress of the case. The e-mails indicate that Davis told the client she would file the divorce papers "by Thursday or Friday of

next week," which would have been August 16 or August 17, 2007. On August 17, Davis sent an e-mail to the client stating that she had been tied up in court and would begin finalizing the divorce papers. However, the client did not receive any paperwork from Davis in August or September 2007.

In October 2007, the client did eventually receive a copy of the divorce papers. However, the referee found that the paperwork contained "numerous errors." The client sent the papers back to Davis with proposed corrections; however, the client did not receive corrected paperwork. In fact, Davis never filed for divorce on behalf of the client's sister. Instead, in November 2007, the client's sister was served with divorce papers filed by counsel for her husband. The client and her husband e-mailed Davis to inform her that the divorce papers had been served, and asked whether she wished to continue in the case. Davis did not respond to the e-mail, and the client was forced to file a response to the divorce papers on her own.

Based on these facts, the referee recommends that Davis be found guilty of violating three Bar rules: 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 4-1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter); and 4-1.4(a)(4) (a lawyer shall promptly comply with reasonable requests for information).

The referee found five aggravating factors in this case. First, the referee found that Davis has a disciplinary history. On March 25, 2010, the Court imposed a public reprimand and one-year probation for Davis' ethical violations in two separate client matters. Fla. Bar v. Davis, 33 So. 3d 36 (Fla. 2010) (table). Additionally, the referee found that Davis engaged in a pattern of misconduct; she committed multiple offenses; the victim, the client's sister, was vulnerable; and Davis has substantial experience in the practice of law. The referee did not find any mitigating factors.

Significantly, the referee found that Davis' conduct throughout this case demonstrated a "continuing . . . pattern of neglect." Davis neglected the client and her sister's divorce case, and failed to keep the client informed as to the status of the case. When the client told Davis that her sister's husband had filed divorce papers, Davis did not respond or take any action. Similarly, in this disciplinary case, although the referee expressly found that Davis had "actual knowledge" of the proceeding, she did not respond to the Bar's allegations or appear at the final hearing. The referee held: "Had Respondent chosen to appear in the disciplinary case, this Referee might be inclined to recommend a penalty less than disbarment. . . . Respondent's failure to appear is troubling and given the aggravating factors and the absence of any evidence of mitigation, I am recommending that disbarment is the appropriate sanction." Accordingly, the referee recommends that Davis be

disbarred.  The referee awarded costs to The Florida Bar, in the amount of $1,298.58.

Davis seeks review of the referee's report.  She argues that she was denied due process, that the referee's factual findings lack evidentiary support, and that the referee's recommended sanction is too severe.

**ANALYSIS**

We first address Davis' argument that she was denied due process.  As a general matter, the Court has stated that due process is satisfied in a disciplinary proceeding "where the attorney is served with notice of the Bar's charges and is afforded an opportunity in the disciplinary hearing to be heard and defend himself."  Fla. Bar v. Tipler, 8 So. 3d 1109, 1118 (Fla. 2009); see also Fla. Bar v. Committe, 916 So. 2d 741, 745 (Fla. 2005).

Here, it is clear that Davis received notice of the Bar's charges.  Consistent with the Bar rules, the Bar mailed a copy of the formal complaint to Davis by certified mail, sent to her record Bar address.  See R. Regulating Fla. Bar 3-7.11(b) ("Mailing of registered or certified papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the executive director of The Florida Bar shall be sufficient notice and service unless this court shall direct otherwise.").  The Bar received a return receipt, indicating the complaint was received and signed for.  Moreover, at Davis' request,

the Bar e-mailed her an additional copy of the complaint. Thus, we conclude that Davis was properly served with the Bar's complaint and was aware of the allegations against her. As noted, Davis did not file an answer to those allegations and, on November 7, 2011, the referee entered a default judgment. We have previously held that the referee in a disciplinary proceeding may enter a default judgment where, as in this case, a lawyer fails to respond to the Bar's pleadings. See Fla. Bar v. Porter, 684 So. 2d 810, 813 (Fla. 1996) ("Florida Rule of Civil Procedure 1.500(b) empowered the referee to enter a default against Porter, who failed to plead or defend the action.").

We also conclude that Davis was provided opportunities to be heard and defend herself against the Bar's allegations. Following the default judgment, the referee scheduled Davis' case for a hearing. The Bar states that it again mailed Davis notice of the final hearing by certified mail, sent to her record Bar address. However, Davis did not appear for the hearing. Davis argues before this Court that she did not receive the Bar's notice of hearing and that, in any event, she would have been unable to attend the hearing because she was in the hospital receiving treatment for an illness at the time the hearing was held. Initially, we note that Davis did not present this argument to the referee.[1] Moreover, while Davis may

---

1. In February 2012, Davis filed a Motion to Vacate Report of Referee for Lack of Due Process. In the motion, she argued that she did not receive notice of the final hearing. Significantly though, Davis did not assert that she was in the

have been in the hospital on the date of the hearing, we nonetheless conclude that she was not denied due process. As we have stated, Davis had notice of the Bar's allegations against her, and she was aware of the disciplinary case. She had several opportunities to refute the Bar's charges and to participate in the disciplinary case, but she did not do so. There is no excuse for Davis' repeated failure to respond to the Bar and the referee. Accordingly, we hold that Davis was not denied due process.

We turn next to address Davis' challenge to the referee's factual findings. Davis argues that the findings lack evidentiary support. However, by virtue of the default judgment, "the allegations in the Bar's complaint were deemed admitted," and the default "provided the referee with competent, substantial evidence upon which to base the findings." Id. Thus, we approve the referee's findings of fact without further discussion. We also approve the referee's recommendation that Davis be found guilty of violating Bar rules 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 4-1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter); and 4-

---

hospital at the time the hearing took place. In fact, she stated: "Had the Respondent received [notice] of the Final Hearing, she would have attended and proffered evidence in her defense." In contrast, in her briefs in this case, Davis asserts that she was in the hospital receiving treatment for a life-threatening illness and that, even if she received notice of the hearing, she would have been unable to attend.

1.4(a)(4) (a lawyer shall promptly comply with reasonable requests for information).

Finally, we address the referee's recommended sanction of disbarment. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

Pursuant to the Florida Standards for Imposing Lawyer Sanctions, disbarment is the appropriate discipline when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to the client. See Fla. Stds. Imposing Law. Sancs. 4.41. In this case, Davis was retained to file divorce proceedings on behalf of the client's sister. The client's sister was in a particularly vulnerable position—she suffered from Early Onset Alzheimer's Disease, she was in a nursing home, she had lost her job and any financial support from her former husband, and her finances were dwindling. The referee noted that the client sent Davis an e-mail explaining that her sister's divorce needed to

- 8 -

proceed quickly, and that her sister was in danger of being forced to move out of the nursing home where she lived.  Nonetheless, Davis neglected the case over a period of several months, and never actually filed the divorce papers.  We conclude that Davis' inaction amounts to serious misconduct, warranting a severe sanction. Indeed, because Davis charged the client a $5,000 retainer and then took no significant action in the case, causing harm to the client and her sister, we believe that her actions warrant a sanction similar to those attorneys who misuse or misappropriate client funds held in trust.

Moreover, we also note that Davis did not file an answer to the Bar's complaint and she did not participate in the proceedings before the referee.  We have stated, "a lawyer's willful refusal to participate at all in the disciplinary process when he is accused of misconduct calls into serious question the lawyer's fitness for the practice of law."  Fla. Bar v. Bartlett, 509 So. 2d 287, 289 (Fla. 1987).

Given Davis' serious misconduct, and her failure to participate in the disciplinary case, we conclude that the referee's recommendation of disbarment is well supported.  Id. at 288 (disbarring a respondent who was retained to represent a client regarding an encroachment on an easement, but who took no action in case and did not respond to an order from the Court requesting that he file a brief); see also Fla. Bar v. Horowitz, 697 So. 2d 78 (Fla. 1997) (disbarring a respondent who

neglected three separate client matters, and failed to respond to the Bar's complaint).

We have also considered the referee's findings in aggravation. The referee found five aggravating factors: (1) a disciplinary history; (2) a pattern of misconduct; (3) multiple offenses; (4) vulnerability of the victim; and (5) substantial experience in the practice of law. In particular, in considering Davis' disciplinary history, we note that she was previously reprimanded for neglecting client cases. Fla. Bar v. Davis, 33 So. 3d 36 (Fla. 2010) (table). Indeed, the referee in this case found that Davis' prior misconduct is similar to her misconduct at issue here. We have long held that "cumulative misconduct of a similar nature warrants an even more severe discipline than might dissimilar conduct." Fla. Bar v. Patrick, 67 So. 3d 1009, 1018 (Fla. 2011) (quoting Fla. Bar v. Walkden, 950 So. 2d 407, 410 (Fla. 2007)).

In sum, considering Davis' serious misconduct, the harm to her client, her failure to participate in the disciplinary proceedings before the referee, and her disciplinary history, we conclude that disbarment is the appropriate sanction.

## CONCLUSION

Accordingly, Respondent Kathleen M. P. Davis is hereby disbarred. Davis is currently suspended. See Fla. Bar v. Davis, No. SC12-1367 (Fla. order granting petition for contempt entered Sept. 20, 2013); see also Fla. Bar v. Davis, No.

- 10 -

SC14-581 (Fla. order imposing emergency suspension entered April 3, 2014). Therefore, Davis does not need thirty days to close out her practice, and her disbarment shall be effective immediately. Davis shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Davis shall accept no new business from the date this opinion is filed.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Kathleen M. P. Davis in the amount of $1,298.58, for which sum let execution issue.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, Tallahassee, Florida, Adria E. Quintela, Staff Counsel, and Michel C. Greenberg, Sunrise, Florida, The Florida Bar,

 for Complainant

Kathleen M. P. Davis, pro se, Lake Worth, Florida,

 for Respondent