PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of a referee. The referee’s report is uncontested.
The referee’s report sets forth the findings in five counts. On count one the referee found that respondent was retained to handle a matter involving competency. He prepared a petition which was signed by family members and notarized. However, before the petition was filed, respondent was discharged from employment. Several months later, respondent filed the previously signed competency petition. Without respondent’s knowledge, ' his employees changed the date of execution of the notarized document to reflect a more recent signing. The referee recommended that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rule 3-104(C), for failing to supervise his office staff.
On count two, the referee found that respondent was retained as counsel to an estate. The decedent had been under guardianship. After the death of the decedent, the guardianship should have been terminated but was not. Assets of the guardianship and assets of the estate were dealt with indiscriminately and the financial affairs of the two became intertwined. Respondent also tried to extract an excessive fee but was required by the court to pay back part of the fee at the time of his discharge from employment. The referee recommended that respondent be found guilty of violating Disciplinary Rules 6-101(A)(1) (handling a matter he was not competent to handle) and 9-102(A) (failure to preserve the identity of client funds).
On count three the referee found that respondent advised a guardian and that when the ward died, respondent served as *901 attorney for the estate. The guardianship inventory was filed late. The decedent had owned a trailer that was situated on a rented lot. The lot rent went unpaid for a substantial period of time, and ultimately the trailer was sold for an amount that was insufficient even to pay the lot rent arrear-age. The final accounting of the estate was in error and reflected a shortage of funds. The respondent’s fee, the referee found, was unreasonable in view of the amount of service he provided. The referee recommended that respondent be found guilty of violating Disciplinary Rules 2-106(A) (charging an excessive fee) and 6-101(A) (failure to act competently).
On count four, the referee found that respondent served as personal representative of an estate. Respondent’s fee was to be determined as a percentage of the value of the estate assets. Respondent overvalued an item of real property in order to increase his fee. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty), 6-101(A)(3) (neglect of a legal matter), and 7-102(A)(5) (knowingly making a false statement in representation of a client).
On count five the referee found that an audit of respondent’s trust account revealed that trust accounting rules were not followed. The audit also revealed a shortage in trust account funds that was remedied by means of a deposit of funds from another source. The referee found that this showed trust funds had been used for some unauthorized purpose. The referee recommended that respondent be found guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(4), by unauthorized use of trust funds, and rule 11.02(4)(a), by improper labelling of a trust account as an escrow account. The referee also found violations of the Integration Rule Bylaws, rule 11.02(4)(c), for lack of periodic trust account reconciliations, and rule 11.02(4)(c)3.d for lack of authorization to the bank regarding notification of The Florida Bar concerning dishonored trust account checks.
The referee recommended that respondent be suspended from the practice of law for three years. We approve the referee’s report and hereby order attorney Noel Robbins suspended from the practice of law for three years. If the respondent applies for reinstatement after the three-year suspension, it will be necessary for him to prove that he has made restitution to his former clients as part of the required showing of rehabilitation to reenter the practice of law. So that respondent can close his practice in an orderly fashion, taking steps to safeguard the interests of clients, this suspension shall commence thirty days from the date of this order.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $3,064.27 is entered against Noel Robbins, for which sum let execution issue.
It is so ordered.
overton, McDonald, shaw, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., dissents with an opinion.