679 So.2d 744 (1996)
THE FLORIDA BAR, Complainant,
v.
David Smith NUNES, Respondent.
No. 85451.
Supreme Court of Florida.
July 18, 1996.
Rehearing Denied September 12, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Ronna Friedman Young, Bar Counsel, Fort Lauderdale, for Complainant.
David S. Nunes, pro se, Fort Lauderdale; and Peter Ticktin, Boca Raton, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by David Smith Nunes. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings of fact pursuant to the Bar's four-count complaint:
As to Count I
....
2. In or about November 1993, Gloria and Leon Burton retained Respondent to obtain lawful, permanent residence in the United States for their son, Mark Burton.
3. In or about December 1988, Mark Burton was deported from the United States based upon a criminal conviction for the possession of cocaine, a controlled substance.
....
5. Respondent undertook the representation for a fee of approximately $1,875 plus *745 a $350 fee for Freedom of Information Act filings.
6. Respondent had knowledge of Mark Burton's criminal conviction and prior deportation.
7. Respondent advised Gloria and Leon Burton that Mark Burton was eligible for a "green card" which would entitle him to lawful, permanent residence in the United States.
....
9. According to the unrebutted testimony of Jeffrey N. Brauwerman, a former U.S. Immigration Judge who has served as Regional Counsel of the Southern Region of the Immigration and Naturalization Service ("INS") and as District Counsel for the District of Miami of the INS, there is absolutely no way to obtain an immigrant visa or green card for an alien with a cocaine conviction....
10. According to the unrebutted testimony of Bruce Marmar, the Senior Immigration Examiner for the INS in Miami, there are no procedures available for someone in Mark Burton's position that would lead to the obtaining of a green card because a person who has been convicted in the United States for possession of cocaine is permanently barred from permanent residence.
....
17. Based upon the above, I find by clear and convincing evidence that a reasonably competent attorney would recognize that Mark Burton was not eligible for lawful, permanent residence in the United States and would decline to represent the Burtons in this regard.
As to Count II
....
20. Mr. Brauwerman further testified that a reasonably competent attorney would have had a thirty-minute to forty-five-minute consultation with the Burtons and based on the facts would explain to them as simply as possible that there was no provision for the issuance of an immigrant visa under the facts presented by the Burtons to the attorney.
21. Finally, Mr. Brauwerman stated that a proper consultation would have ended with, "I'm sorry, I just really can't help your son."
22. Based upon the above, I find by clear and convincing evidence that Mark Burton was not eligible for lawful, permanent residence in the United States and Respondent failed to explain this fact to the Burtons to the extent reasonably necessary to permit them to make informed decisions regarding the representation.
As to Count III
....
25. Mr Brauwerman further testified that "in this particular case, since it was black letter law that there was no relief available, then the fees I guess by definition would become excessive. [Q] Clearly excessive? [A] Clearly excessive under these facts."
....
27. Based upon the above, I find by clear and convincing evidence that the fees charged by the Respondent in connection with the representation of Mark Burton were clearly excessive.
As to Count IV
28. In or about March 1993, Robert Whynes retained Respondent to stop the pending deportation of his son, Dennis.
29. Robert Whynes paid Respondent a total of $1,400 in connection with the representation.
30. Respondent filed ... a motion to reopen Dennis Whynes' case and a motion to stay the pending deportation with the U.S. Immigration Judge in Miami.
31. According to the unrebutted testimony or Mr. Brauwerman, a reasonably competent attorney representing Dennis Whynes would have immediately filed an "I-246" form which is an application for a stay of deportation to the District Director of the INS. Mr. Brauwerman further testified that a reasonably competent attorney would attempt to physically bring a copy of the I-246 to Assistant District Director of the INS, Kenneth Powers, who usually *746 makes the final decisions on whether or not to take somebody off an airplane, stop an airplane or stop them in transit on the way to the airport.
....
36. Based upon the above, I find by clear and convincing evidence that Respondent failed to provide competent representation in the Whynes case by not filing an "I-246" form (application for stay of deportation) with the INS and by failing to request an audience with the Assistant District Director of the INS or anyone in the Deportation Branch of the local INS office.
The referee made the following recommendations of guilt and discipline:
As to Count I
I recommend that Respondent be found guilty and specifically that he be found guilty of violating Rule 4-1.1 of the Rules of Professional Conduct, to wit: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
As to Count II
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating Rule 4-1.4(b) of the Rules of Professional Conduct, to wit: A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
As to Count III
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating Rule 4-1.5(a) of the Rules of Professional Conduct, to wit: An attorney shall not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee.
As to Count IV
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating Rule 4-1.1 of the Rules of Professional Conduct, to wit: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
IV. Recommendation as to Disciplinary Measures to be Applied:
....
Therefore, in accordance with the above, I recommend that Respondent be suspended for a period of ninety (90) days and for an indefinite period thereafter until Respondent shall pay the cost of these proceedings and make restitution to his clients, Gloria and Leon Burton, in the amount of $2,225 as provided in Rule 3-5.1(i). Furthermore, upon reinstatement, I recommend that Respondent be placed on probation for a period of one (1) year to run concurrently with any unserved probation remaining from Case No. 84,097 as of the date of reinstatement in the case sub judice. During this one year of probation, respondent shall be required to complete twenty-five (25) hours of continuing legal education consisting of twenty (20) hours in the area of immigration law and five (5) hours in the area of ethics.
The cost of continuing legal education shall be borne by Respondent. Proof of completion of the continuing legal education shall be submitted by Respondent to the Bar's Tallahassee headquarters. Failure to complete the continuing legal education within one year of reinstatement or to submit proof within that time shall be cause to revoke probation.
Nunes contends that his handling of both the Burton and Whynes matters was reasonable. Competent substantial evidence in the record, however, supports the referee's findings that Nunes's actions were incompetent and futileboth Brauwerman and Marmar testified to that effect. We approve the referee's findings of fact and conclusions of guilt. See Florida Bar v. MacMillan, 600 So.2d 457 (Fla.1992) (a referee's findings will be approved when supported by competent substantial evidence).
*747 Nunes contends that the recommended discipline is excessive. We disagree for three reasons. First, Nunes's representation in both the Burton and Whynes cases was clearly incompetent, as Brauwerman and Marmar attested to. Second, both Burton and Whynes were prejudiced by Nunes's actions: Burton expended time, effort, and several thousand dollars in a futile effort to win residency for his son, and Whynes was deprived of any reasonable chance of interdicting his son's deportation. And finally, the clients were exploitedwhether deliberately or notby Nunes for his own financial gain. In the Burton case in particular, Nunes extracted a hefty fee for services that virtually every practitioner in the field knows cannot be rendered ("I mean that's the first thing law clerks learn," Brauwerman testified).
In light of the above and considering Nunes's prior disciplinary record,[1] we find the recommended discipline appropriate. Cf. Florida Bar v. Lawless, 640 So.2d 1098 (Fla. 1994) (ninety-day suspension appropriate for deficient representation in immigration matter where lawyer had prior disciplinary record). We approve the referee's report in its entirety.
David Smith Nunes is hereby suspended from the practice of law in Florida for ninety days and thereafter until he repays Burton $2,225. Upon reinstatement, Nunes shall be placed on probation for one year, which probation shall run concurrently with any unserved probationary period remaining in Florida Bar v. Nunes, 661 So.2d 1202 (Fla. 1995). During this one-year period, Nunes shall complete twenty-five hours of continuing legal education, consisting of twenty hours of immigration law and five hours of ethics.
Nunes's suspension shall be effective thirty days from the filing of this opinion so that Nunes can close out his practice and protect the interests of existing clients. If Nunes notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Nunes shall accept no new business from the date this opinion is filed until the suspension is completed.
Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Nunes shall forthwith furnish a copy of the order to all his clients with matters pending in his practice. Furthermore, within thirty days after receipt of this order, Nunes shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order. Judgment for costs in the amount of $2,751.08 is hereby entered in favor of The Florida Bar against Nunes, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Nunes was given a private reprimand in 1986 and a public reprimand and 10-day suspension in 1995 for sending to opposing counsel's client a letter criticizing opposing counsel's handling of the case. See Florida Bar v. Nunes, 661 So.2d 1202 (Fla.1995).