734 So.2d 393 (1999)
THE FLORIDA BAR, Complainant,
v.
David Smith NUNES, Respondent.
Nos. 91,148, 91,281.
Supreme Court of Florida.
April 29, 1999.
Rehearing Denied August 1, 1999.
*394 John F. Harkness, Jr., Executive Director, and John A. Boggs, Staff Counsel, Tallahassee, Florida; and Ronna Friedman Young, Bar Counsel, Fort Lauderdale, Florida, for Complainant.
Richard L. Rosenbaum, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
We have for review a referee's report finding ethical breaches by respondent, attorney David Smith Nunes, and recommending disciplinary measures after The Florida Bar filed two separate complaints against Nunes. We have jurisdiction. See art. V, § 15, Fla. Const.

CASE NUMBER 91,148
Case number 91,148 arose from a civil lawsuit filed against Nunes. According to the Bar's complaint, the trial judge found that Nunes had willfully failed to comply with discovery and struck his pleadings in the lawsuit, admonishing that "as far as I am concerned, this whole thing is a charade. If you want to take it up to the Fourth [District Court of Appeal], I invite you to, and I think the whole thing should be presented to the Bar. I am disgusted."
The Bar alleged in count one of its complaint that during the course of the lawsuit and subsequent appeal, Nunes had made "inappropriate, frivolous, disparaging, and/or disrespectful remarks concerning opposing counsel," including accusations that opposing counsel had stolen the court file in the case. Specifically, the Bar alleged that Nunes had asserted in one motion that "the Court File mysteriously disappeared and the record show [sic] that [opposing] counsel was the last person who had seen the Court File," and that "[h]ad the Court File been available, the Court would have seen that opposing counsel was not truthful." According to the Bar's complaint, Nunes had asserted in another motion that opposing counsel "had something to do with the disappearance of the Court file in this case," "messed up [the] Court file," "demonstrated his flagrant disregard for Broward County Courts, Judges, the files, and, in general, the whole judicial system," and "should be sanctioned for destroying the present court file." The Bar also alleged that, later in that same motion, Nunes had additionally asserted that opposing counsel "has now turned to another Court file," "has started out in a different division and has removed Pleadings therefrom," "will soon [cause another file to] disappear," and "should not be allowed to have access to any court files." The Bar further alleged that, in a third motion, Nunes had asserted that opposing counsel "should be compelled to show more respect for Broward County Court Judges as his practice of law differs from the way a Broward attorney practices law." According to the Bar's complaint, "[Nunes's] accusations as to opposing counsel did not contain any citations to the record nor was there ever any finding in the trial or appellate court that opposing counsel was responsible for the loss of the court file."[1]
*395 In count two of its complaint, the Bar relatedly alleged that Nunes had "made statements prejudicial to the administration of justice and/or that [he] knew to be false or with reckless disregard as to their truth or falsity concerning the integrity or the qualifications of the trial judges handling the [civil] litigation." Specifically, the Bar alleged that, in one motion, Nunes had asserted that
[t]he Order which was signed, was signed in error by the [judge], who had an extended time on the Criminal Bench. As such, [the judge] may not have been refreshed, relative to the practice of mediation.... What opposing counsel did, he made up an order and had the judge sign it. The Judge, being on the Criminal Bench, may have overlooked the fact that, that was not an order for a date certain, which is normally done in criminal cases, and as such, he inadvertently placed in the order "or it shall be dismissed."
The Bar also alleged that, in a brief before the Fourth District Court of Appeal, Nunes had asserted that "[t]hereafter, the case was assigned to [a female judge] and obviously counsel now felt that what he could not get away with from the two (2) male judges, he could get away with the female judge." Again, according to the Bar's complaint, Nunes's "allegations as to the trial judges did not contain any citation to the record nor was there ever any finding in the trial or appellate court that supported such allegations."[2]

CASE NUMBER 91,281
Case number 91,281 arose from Nunes's continued misconduct involving several former clients. This Court had previously suspended Nunes for ninety days for misconduct involving these and other clients. See Florida Bar v. Nunes, 679 So.2d 744 (Fla.1996).[3] In count one of its complaint, the Bar alleged that Nunes had filed a civil lawsuit against the clients at issue, seeking damages for lost income during the time of his suspension. The Bar's complaint continued that "[d]espite Mr. Nunes having been disciplined by the Supreme Court of Florida for incompetent representation, *396 improper client communication, and charging a clearly excessive fee ... the lawsuit also claimed entitlement to quantum meruit and that the [subject clients] had been unjustly enriched by the services which resulted in discipline." According to the Bar, the trial court dismissed Nunes's lawsuit with prejudice in an order providing that "there never was nor could there be a cause of action against the defendants under the facts of this case ... and that there was `a complete absence of a justiciable issue of either law or fact' and as such, the filing of the suit was frivolous." The Bar further alleged in its complaint that Nunes's appeal of this ruling was dismissed as untimely.[4]
In count two of its complaint, the Bar also alleged that Nunes had continued to represent the subject clients (by filing several pleadings on their behalf) even after he had acknowledged that his representation of them had been terminated;[5] and in count three of its complaint, the Bar further alleged that Nunes then used the unauthorized pleadings to falsely portray that he had won his clients' case so that he could in turn falsely argue in state and federal courts that the suspension imposed by this Court should be overturned and that he was entitled to damages from his clients and others.[6]

THE REFEREE'S RECOMMENDATIONS
The Bar's cases against Nunes were ultimately consolidated and considered before one referee. Nunes failed to timely answer either of the Bar's complaints summarized above, so the referee accordingly granted the Bar's motions for default judgment, and thereafter denied Nunes's motions to set aside same. In accordance with the Bar's allegations (which were deemed admitted by the default judgments), the referee ultimately found Nunes guilty of all the violations charged as set out above.
After a hearing regarding the discipline to be imposed, the referee recommended that Nunes be suspended for one year (and for an indefinite period thereafter until he has shown proof of rehabilitation and has paid costs of the proceedings), followed by two years of probation with a requirement that Nunes pay for and complete twenty-five hours of continuing legal education in ethics. In recommending this discipline, the referee considered in aggravation that Nunes had prior disciplinary offenses (see supra note 3), a dishonest or selfish motive, a pattern of misconduct, and multiple offenses. In mitigation, the referee considered that Nunes had shown remorse.

GUILT
As to his guilt, Nunes ignores the default judgment entered against him and argues that the referee's report is "erroneous, unlawful and unjustified," maintaining that "[a]ny mistakes that he made sub judice, are the result of his `over-zealous' representation of his clients." Significantly, Nunes could have advanced this argument below in timely answers to the Bar's *397 complaints, thereby avoiding the default judgment. However, as he failed to do so, Nunes cannot now be heard to complain. As succinctly explained by this Court in a case involving similar procedural facts:
In a disciplinary proceeding, the Florida Rules of Civil Procedure apply to the extent not inconsistent with the Rules Regulating the Florida Bar. As such, Florida Rule of Civil Procedure 1.500(b) empowered the referee to enter a default against [the subject attorney], who failed to plead or defend the action. By this default, the allegations in the Bar's complaint were deemed admitted, and the default thereby provided the referee with competent, substantial evidence upon which to base the findings. [The subject attorney] is precluded from now complaining about any factual findings deemed admitted.

Florida Bar v. Porter, 684 So.2d 810, 813 (Fla.1996) (citations and footnote omitted) (emphasis added). We accordingly approve the referee's recommendation in the present case that Nunes be found guilty as charged in the Bar's complaints.

DISCIPLINE
Nunes argues that the recommended one-year suspension is too harsh and that a ninety-day suspension would be more appropriate. On the other hand, the Bar argues that the recommended one-year suspension is too lenient and that disbarment is warranted. While we agree with the Bar that the recommended discipline is too lenient, we stop short of disbarment and instead suspend Nunes for three years.
The cases cited by Nunes in support of a ninety-day suspension are significantly distinguishable from the present case. Specifically, Nunes cites Florida Bar v. Corbin, 701 So.2d 334 (Fla.1997), in which this Court rejected a recommended six-month suspension and instead suspended an attorney for ninety days for knowingly making false statements to a tribunal and in a disciplinary proceeding, and engaging in dishonesty, fraud, deceit, or misrepresentation. However, as accurately noted by the Bar in its answer brief in the present case, "Corbin had three prior private reprimands. Unlike Nunes, Corbin had no record of prior public reprimands or prior suspensions. Unlike Nunes, Corbin's prior offenses were remote rather than close to the current offense. Unlike Nunes, Corbin's conduct was not coupled with a separate matter involving separate rule violations."
Nunes also relies on Florida Bar v. Nowacki, 697 So.2d 828 (Fla.1997), in which this Court adopted the referee's recommendation and suspended an attorney for ninety-one days for neglecting and mismanaging client matters and engaging in dishonest conduct regarding payment of a former employee. However, Nowacki had been publicly reprimanded twice, whereas Nunes has been publicly reprimanded and suspended several times. See supra note 3. Even more significantly, the referee in Nowacki had found in mitigation that the subject attorney "was dealing with serious medical and emotional problems during the time that a few of [the subject] offenses and bar inquiries occurred." 697 So.2d at 833. No such mitigation was found in the present case; rather, the referee here found in mitigation only that Nunes had shown remorse.[7]
*398 Nunes lastly relies on Florida Bar v. Laing, 695 So.2d 299 (Fla.1997), in which this Court rejected the recommended ninety-day suspension and instead suspended an attorney for ninety-one days for, among other things, disobeying an obligation under the rules of a tribunal, being convicted of resisting an officer without violence, engaging in deceitful acts, and multiple violations arising from negligence and mismanagement of client matters. However, unlike the present case, the referee in Laing found that "many of the violations alleged were more technical than unlawful." 695 So.2d at 303. Furthermore, the attorney at issue in Laing (a 1997 case) had been suspended a dozen years earlier in 1985 and received a private reprimand in 1991, whereas Nunes has been publicly reprimanded and suspended several times in the very recent past (i.e., 1995-96). See supra note 3. Moreover, this Court in Laing cited the proposition that it generally "impose[s] greater discipline due to the cumulative effect of multiple violations." 695 So.2d at 304.
In advocating disbarment, the Bar focuses on Nunes's disciplinary history (including the fact that he was on disciplinary probation when he committed the misconduct at issue here), his multiple violations, and the dishonesty and misrepresentation at issue in the present case. The Bar relies heavily on Florida Bar v. Orta, 689 So.2d 270 (Fla.1997), in which we held:
[T]his Court deals more harshly with cumulative misconduct than it does with isolated acts. In this case, [the subject attorney] was found guilty in three separate counts of multiple offenses involving dishonesty. These offenses alone establish a pattern of "flagrant and deliberate disregard for the very laws that [the subject attorney] took an oath to uphold." Moreover, [the subject attorney] committed these offenses while still under suspension for similar misconduct....
... [The subject attorney's] current multiple violations all took place while he was under suspension for past similar misconduct involving dishonesty-a time when he should have been conducting himself in the most upstanding manner.... In light of the aggravating circumstances in this case [i.e., prior discipline; dishonest or selfish motive; pattern of misconduct; multiple offenses; submission of false evidence, false statement or other deceptive practices during the disciplinary process; and substantial experience in the practice of law], disbarment is warranted.
Id. at 273-74 (citations omitted) (emphasis added). As additionally cited by the Bar, see also, e.g., Florida Bar v. Kaufman, 684 So.2d 806 (Fla.1996) (upholding default judgment and disbarring attorney for engaging in fraud, perjury, and deception to conceal his assets from a civil damage award against him); Florida Bar v. Spann, 682 So.2d 1070 (Fla.1996) (disbarring attorney for multiple violations, including trust account violations and forgery, where attorney continued to maintain that he had done nothing wrong); and Florida Bar v. Della-Donna, 583 So.2d 307 (Fla.1989) (disbarring attorney for multiple violations, including charging clearly excessive fees, working under actual conflicts of interest, and intentionally using funds from estate).
However, while serious, we find that Nunes's misconduct in the present case is not as egregious as the misconduct and aggravation at issue in the cases cited by the Bar. Nunes was found guilty of violations arising from his making of disparaging remarks about judges and opposing counsel, filing a frivolous lawsuit, representing clients after being discharged, and making false representations to a tribunal. The latter is certainly Nunes's most serious offense but, even in combination with his other offenses (both prior and current), we find that disbarment would simply be *399 too harsh a discipline in the present case. Compare Corbin, 701 So.2d at 337 n. 1 (citing list of cases in which reprimands or relatively short suspensions were imposed for making false statements to a court or deliberately lacking candor in court proceedings), with Florida Bar v. Rightmyer, 616 So.2d 953, 955 (Fla.1993) (disbarring attorney who had been convicted of perjury, holding that "[w]e can conceive of no ethical violation more damaging to the legal profession and process than lying under oath.... An officer of the court who knowingly and deliberately seeks to corrupt the legal process can logically expect to be excluded from that process").

CONCLUSION
"A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct." Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994). Considering all of the circumstances here, we hold that a three-year suspension is appropriate. See, e.g., Florida Bar v. Beach, 699 So.2d 657 (Fla.1997) (suspending attorney for three years for committing acts contrary to honesty and justice by his reckless disregard for the truth where the attorney had a history of serious ethical misconduct and a selfish motive); Florida Bar v. King, 664 So.2d 925 (Fla.1995) (suspending attorney for three years for multiple ethical violations involving his representation of clients where attorney had disciplinary history and was on probation at the time for, among other things, misrepresentations); Florida Bar v. Robbins, 528 So.2d 900 (Fla.1988) (suspending attorney for three years for, among other things, conduct involving dishonesty, knowingly making a false statement in representation of a client, incompetence, charging an excessive fee, and several trust account violations). We are especially concerned that Nunes has patently ignored the seriousness of his misconduct and has failed to accept responsibility for his actions, while lashing out at everyone else involved in the proceedings. By his actions, Nunes has placed his legal career in serious jeopardy.
Accordingly, David Smith Nunes is hereby suspended from the practice of law in Florida for three years (and for an indefinite period thereafter until he has shown proof of rehabilitation and has paid the costs of the proceedings), with a requirement that he pay for and complete twenty-five hours of continuing legal education in ethics during his suspension. Contrary to the referee's recommendation, Nunes's suspension shall not be followed by a period of probation. Nunes's suspension will be effective thirty days from the filing of this opinion so that Nunes can close out his practice and protect the interests of existing clients. If Nunes notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Nunes shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $1,609.53 is hereby entered in favor of The Florida Bar against Nunes, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Accordingly, as to count one in case number 91,148, the Bar charged Nunes with violating rules 3-4.3 ("The commission by a lawyer of any act that is unlawful or contrary to honesty and justice ... may constitute a cause for discipline"); 4-3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous"); 4-4.4 ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person"); and 4-8.4(d) ("A lawyer shall not... engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against ... court personnel, or other lawyers on any basis") of the Rules Regulating the Florida Bar.
[2] Accordingly, as to count two in case number 91,148, the Bar charged Nunes with violating rules 4-8.4(d) ("A lawyer shall not ... engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against ... court personnel, or other lawyers on any basis"); and 4-8.2(a)("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge").
[3] Specifically, in Florida Bar v. Nunes, 679 So.2d 744, 746 (Fla.1996), the referee recommended that, in connection with his representation of several immigration clients, Nunes be found guilty of failing to provide competent representation (two counts), failing to adequately explain a matter to a client, and charging a clearly excessive fee. In approving the referee's findings of fact and conclusions of guilt, this Court held that "[c]ompetent substantial evidence in the record ... supports the referee's findings that Nunes's actions were incompetent and futile." Id. As to discipline, the referee recommended that Nunes be suspended for ninety days (and for an indefinite period thereafter until Nunes paid the costs of the disciplinary proceedings and made restitution to certain of his clients), followed by one year of probation with the requirement that Nunes complete a total of twenty-five hours of continuing legal education in the areas of immigration law and ethics. Id. In likewise approving this recommended discipline and imposing same, this Court noted that Nunes's representation was "clearly incompetent," that his clients "were prejudiced by Nunes's actions," and that "the clients were exploited-whether deliberately or not-by Nunes for his own financial gain." Id. at 747. This Court also took into account Nunes's prior disciplinary record. Id. at n. 1 (citing Florida Bar v. Nunes, 661 So.2d 1202 (Fla.1995) in recognizing that "Nunes was given a private reprimand in 1986 and a public reprimand and 10-day suspension in 1995 for sending to opposing counsel's client a letter criticizing opposing counsel's handling of the case"). Later, this Court publicly reprimanded Nunes for failing to comply with its disciplinary order by failing to notify his clients of his suspension and provide an affidavit to that effect. See Florida Bar v. Nunes, 687 So.2d 1307 (Fla.1996).
[4] Accordingly, as to count one in case number 91,281, the Bar charged Nunes with violating rule 4-3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous").
[5] Accordingly, as to count two in case number 91,281, the Bar charged Nunes with violating rule 4-1.16(a)(3) ("a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if ... the lawyer is discharged").
[6] Accordingly, as to count three in case number 91,281, the Bar charged Nunes with violating rules 3-4.3 ("The commission by a lawyer of any act that is unlawful or contrary to honesty and justice ... may constitute a cause for discipline"); 4-3.3(a)(1) ("A lawyer shall not knowingly ... make a false statement of material fact or law to a tribunal"); 4-8.4(c) ("A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"); and 4-8.4(d) ("A lawyer shall not ... engage in conduct in connection with the practice of law that is prejudicial to the administration of justice").
[7] We reject without discussion Nunes's unsubstantiated arguments that the referee failed to consider other mitigating factors. We further note that even the mitigation as to remorse is weak. The referee himself found in his report that, while Nunes admitted that he was guilty of most of the "mistakes" with which he was charged, he only did so "with some hesitation," and that Nunes "admit[ted] that he was wrong to file the various lawsuits [at issue] but did so out of anger and for retaliation." Such anger and retaliation continued to be evident when Nunes himself (i.e., not his attorney) subsequently filed in this Court a racially and ethnically charged motion to set aside the referee's report, in which Nunes asserted that he was the victim of a "Jewish conspiracy against him," made disparaging remarks about Bar counsel and others, and questioned the fairness and validity of his prior and current disciplinary actions.